(27 Misc. Rep. 600.)

### SMITH et al. v. WILL & BAUMER CO.

(Supreme Court, Special Term, New York County. May, 1899.)

LIBEL—BILL OF PARTICULARS.

> A motion to strike out bill of particulars in an action for libel, on the ground that it was inconceivable that plaintiff really intended to prove publication to and by so many people as were named in the bill, or at so many places, will be denied, where the object of the bill was to limit the plaintiff to proof of the publications set forth in the bill, and the petition alleged that the libel was published by the traveling men of the defendant in their efforts to sell the goods of defendant, of whom plaintiff was a competitor.

Action by Highbie Smith and others against the Will & Baumer Company. Motion to strike out bill of particulars in an action for libel. Denied.

Hogan, Quinn & Packard, for the motion.
Blackwell Bros., opposed.

SCOTT, J. The plaintiffs and defendant are rival manufacturers of wax candles. Defendant, having procured some of plaintiffs' candles, caused the same to be examined by a firm of chemists, and in due course received a written analysis purporting to show that the can-

dles manufactured and offered for sale by plaintiffs as genuine bees-wax were in fact composed of only a small percentage of beeswax, and principally of stearin, stearic acid, and paraffin. The defendant furnished its salesmen with copies of this analysis, so that when, in the attempt to make sales of candles, they were met by plaintiffs' salesmen, they might use the analysis to ·induce intending purchasers to buy defendant's candles instead of those offered by plaintiffs. This action is for libel in the publication of the analysis. In November, 1898, defendant moved for and obtained an order requiring the plaintiffs to furnish a bill of particulars stating the names of the persons to whom the defendant published the libel, by whom it was published, and the times and places at which it was published. Obviously, the only purpose sought to be attained by this order was to limit plaintiffs' proof on the trial, and to enable the defendant intelligently to prepare its defense; and the order provided that proof of any publication, except as should be specifically stated in the bill of particulars, should be excluded upon the trial of the action. The plaintiffs have furnished a bill of particulars, naming some 36 persons or firms as those to whom the libel was published, some 22 cities and towns in which it was so published, and 9 persons, besides the officers, agents, and salesmen of defendant, as the persons by whom such libel was published, and specifying nearly every month from December, 1896, to February, 1898, as the times when the libel was so published. The defendant now moves to strike out the bill of particulars, or to preclude the plaintiffs from giving evidence under it. The specific objections to the bill are not stated in the order to show cause, but, from the affidavit upon which it is based, it appears that the defendant does not consider that the bill is made in good faith, because it is asserted to be inconceivable that the plaintiffs really intend to prove publication to and by so many persons as are named in the bill, or at so many places; and it is further urged that, as to each of the persons to whom publication is said to have been made, the particular time and place of publication ought to have been stated. As has already been said, the object of the bill of particulars was to limit plaintiffs' proof on the trial by apprising defendant of the publications intended to be proved. If, as seems to be the case, the defendant has spread the libel broadcast, through a great number of agencies, to a great number of people, it cannot complain if the plaintiffs undertake to prove every publication, however numerous they may have been. The method of publication adopted by defendant insured its circulation in a great number of places at different times. The number of persons, other than defendant's own employés, through whom the libel is said to have been published, is not large, and defendant can easily ascertain from them just when and to whom they made the publication. The defendant also objects to the bill because it does not give sufficient information as to special damage suffered by plaintiffs. If the complaint alleges special·damage, which, in my opinion, it does not, the bill of particulars is not sufficiently definite. The order for the bill of particulars, however, provides that proof of special damage shall be excluded on the trial, except as specified in the bill of particulars. It

can be safely left to the trial justice to determine whether special damage has been alleged, and, if so, what proof thereof, if any, can properly be admitted under the bill of particulars and the order upon which it is based. Other objections to the bill suggested on the argument are not specified in the order to show cause, and are made too late.

Motion denied, with $10 costs.